UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE JAMES THOMAS,<br><br>　　　　　　　　Petitioner,<br>　v.<br>STATE OF NEVADA, *et al.*<br><br>　　　　　　　　Respondents. | Case No. 3:22-cv-00541-ART-CLB<br><br>**Order Dismissing Petition as Second and Successive, Denying a Certificate of Appealability, and Closing Case** |

　　This court reviewed Eddie James Thomas' *pro se* petition for writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed Thomas to show cause as to why the court should not dismiss his petition as second or successive to case no. 3:21-cv-00096-MMD-WGC. (ECF No. 9.)

　　28 U.S.C. § 2244(b)(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of § 2244. *McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

　　In case no. 3:21-cv-00096-MMD-WGC, Thomas unsuccessfully challenged the manner in which the Nevada Department of Corrections aggregated his

1

sentence. United States District Judge Miranda M. Du denied the petition on its merits and denied a certificate of appealability. (3:21-cv-00096-MMD-WGC at ECF No. 9.) The court denied Thomas' motion for relief from judgment on March 29, 2022. (*Id.* at ECF No. 12). With the current petition, he seeks to challenge that same judgment of conviction, this time arguing that the state district court erred by relying on an "inapplicable" prior conviction in adjudicating him a habitual criminal. (ECF No. 1-1 at 6.)

This petition, therefore, is a second or successive habeas corpus petition under § 2244(b). Thomas must obtain authorization from the Ninth Circuit Court of Appeals before this court may consider his petition. 28 U.S.C. § 2244(b)(3). He has not demonstrated that he has obtained authorization.[1] Instead, he argues that this is not a second and successive petition because the 2021 federal petition challenged the computation of his sentence, and therefore, he should not be required to obtain Ninth Circuit authorization. (ECF No. 10.) That he raises a different claim does not change the fact that this petition is successive. This court lacks jurisdiction to consider this petition without the authorization of the Ninth Circuit. *See Burton v. Stewart*, 549 U.S. 147 at 152 (9th Cir. 2007. Accordingly, this petition is dismissed as second and successive. Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

---

[1] The court notes that Thomas is aware of the requirement because he sought authorization from the Ninth Circuit to file the petition in Case No. 3:21-cv-00096-MMD-WGC. (*See* ECF No. 2.) The appeals court determined that due to the entry of an amended judgment of conviction he did not need authorization to file the 2021 petition. (*Id.*)

IT IS THEREFORE ORDERED that the Clerk of Court electronically file petition (ECF No. 1-1).

IT IS FURTHER ORDERED that the petition is **DISMISSED** with prejudice as set forth in this order.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel and notice of motion for mercy for the court to allow caption to reflect motion for rule 60(b)(6) **(ECF Nos. 3 and 11) are both DENIED** as moot.

IT IS FURTHER ORDERED that a certificate of appealability will not issue.

IT IS FURTHER ORDERED that the Clerk **ENTER JUDGMENT** accordingly and close this case.

DATED THIS 26th day of May 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE